**Maria Olivia Collado RUEDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70187.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Norma M. Molinar, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, Department of Justice Civil Div./Office of Immigration Lit., Robert F. Adams, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Maria Olivia Collado Rueda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings and remand to an immigration judge to apply for asylum based on changed conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The BIA acted within its discretion in denying as untimely Collado Rueda's motion to reopen because it was filed more than 90 days after the BIA's final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final administrative removal order), and Collado Rueda failed to present new or previously unavailable evidence of changed conditions, *see* 8 C.F.R § 1003.2(c)(3)(ii) (no time limit on motion to reopen to apply for asylum based on changed country conditions).

Collado Rueda's contention that her due process rights were violated because the time limit provisions for motions to reopen under 8 C.F.R. § 1003.2(c)(2) should be similar to the provisions for asylum under 8 U.S.C. § 1158, lacks merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).